# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| DR. NINA MORGAN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 5:19-CV-86-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| MS. ERICA DELK., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

The above-titled action was referred to Magistrate Judge Caroline M. Craven under 28 U.S.C. § 636. On January 27, 2020, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' Rule 12(b)(6) Motion to Dismiss (Docket No. 7) be **GRANTED** and that Plaintiff's case be **DISMISSED WITH PREJUDICE**. Plaintiff Nina M. Morgan ("Plaintiff"), proceeding *pro se*, filed objections.[1] Docket No. 23. Defendants responded. Docket No. 24. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## I.   Background

Dr. Nina M. Morgan, as Administratrix of Theressa Lee-Carper's estate, filed an Original Petition in the 102nd Judicial District of Bowie County, Texas. Cause No. 19C0894-102. Defendants—Erika Delk, Terri Giles and Bowie County Community Supervision and Corrections Department—removed the case to this Court, asserting federal diversity jurisdiction. Docket No. 1. Plaintiff then amended her complaint, only alleging "Breach of Duty – Monitoring Compliance

---

[1] As noted by the Magistrate Judge, in a pending motion for leave to file amended pleading, Plaintiff seeks to drop the estate of Theressa Lee-Carper as Plaintiff, notifying the court that on September 11, 2019, "the District Court ordered [judgment] against Willie Mae Lomax for damages to the 2002 GMC Yukon and for court fees, and denied motion for attorney fees that were included in Plaintiff's motion in their Original and First Motion to Amend Prayer for Relief." Docket No. 21 at 25, n. 10 (quoting Docket No. 14 at 1).

with the Orders of the Court." *See* Docket No. 5 at 11. Specifically, Plaintiff alleges as follows:

> On or around September 28, 2016 and with concerns, Plaintiff contacted the Bowie County, Texas Adult Probate Department and requested the name of Probationer Willie Mae Lomax's Probation Officer to speak with her regarding concerns of Ms. Lomax driving our deceased mother Theressa Lee-Carper's 2002 GMC Yukon vehicle without proper title, insurance, and tag. Ms. Willie Mae Lomax is Plaintiff Dr. Nina M. Morgan['s] eldest sister. . . . Plaintiff was informed that the name of Ms. Lomax's Probation Officer was Defendant [Erika] Delk. Ms. Lomax was serving a 5 year-probation and was issued Court Order Imposing Conditions of Community Supervision on June 12, 2011. . . .
>
> Plaintiff contacted the Lafayette County [Sheriff] Department on September 28, 2016 and requested that a search be conducted on the 2002 GMC Yukon to determine whether insurance coverage existed and Plaintiff was informed that the insurance coverage would expire at12:00 a.m. mid-night on September 30, 2016. Plaintiff reached out to the Defendants, but was met with continuous declines to listen to her out cries regarding Ms. Lomax['s] continuous illegal driving of the Yukon and serious safety concerns of Ms. Lomax and the danger to the public after September 30, 2016.

*Id.* at 4.

Plaintiff alleges Ms. Lomax, while on probation, fraudulently completed an "Affidavit of Inheritance of a Motor Vehicle" as Ms. Lee-Carper's sole heir, causing Ms. Lomax to be issued a title to the 2002 GMC Yukon. *Id.* at 5. Plaintiff alleges Defendant Giles advised her to file a stolen vehicle report. Plaintiff further alleges "Ms. Lomax, who will serve as witness and through a polygraph test will truthfully attest to Plaintiff's revelation, stated that Defendant Giles provided legal counseling advising her to maintain the vehicle." *Id.*

According to the amended complaint, as Plaintiff "reported to the Defendants regularly from September 2016 - December 2016 PLEADING FOR ASSISTANCE, Ms. Lomax continued to blatantly and openly violate condition #1 of her Order Imposing Condition of Community Supervision from October 1, 2016- May 22, 2017 with a continuous decision to drive the 2002 GMC

Yukon illegally as she declined to surrender the title that was cancelled/recalled on December 14, 2016 by the State of Arkansas Department of Finance and Administration, Office of Motor Vehicle via written notification and request." *Id.* at 6. Plaintiff alleges Ms. Lomax continued to drive the 2002 GMC Yukon illegally after entering many pleas in the State of Arkansas and after Plaintiff begged for assistance from Defendants, "who were responsible and required to provide supervision and daily monitoring of activities for Probationer Ms. Willie Lomax." *Id.* at 6–7. Plaintiff further alleges as follows:

> According to a CARFAX vehicle report retrieved by the Plaintiff [Morgan] in August 2018 and May 2019, it was discovered that on May 24, 2018, as Plaintiff feared beginning September 28, 2016 and discussed concerns with the Defendants and to Mr. Payne, Ms. Lomax was involved in a 3 car accident that resulted in one fatality caused by another driver. The 2002 GMC Yukon, an asset to our mother Theressa Lee-Carper's estate was a totaled loss due to unrepairable damages and Ms. Lomax sustained injuries that she is currently being treated. Ms. Lomax yet continued to drive the vehicle illegally and no doubt did not inform the servicing State Police Officers in Hope, Arkansas nor the insurance company who is responsible for the medical expense to treat her sustained injuries. . . .

*Id.* at 7.

Plaintiff further alleges Ms. Lomax has a gambling addiction which "aided in subjecting" her mother, Ms. Lee-Carper, to elderly abuse and neglect. *Id.* at 10. To Plaintiff, if Plaintiff "had received just a FRACTIONAL of assistance from the Defendants to order Ms. Lomax, a two-time felon, for counseling in 2013 to continue through May 22, 2017, the end date of her Court Ordered probation period, she believes it would have made a major overall difference in the life of Ms. Lomax." *Id.*

Under her "breach of duty claim," Plaintiff alleges Defendants failed to provide the required responsible supervision/monitoring that was under the scope of their job duties and responsibilities

in the probation department "to enforce and monitor the Court Order issued for Probationer Willie Mae Lomax as signed into Court Order on June 12, 2012 - May 22, 2017." *Id.* at 12. According to Plaintiff, Defendants had an affirmative duty to act, and their failure to enforce the Court Order Imposing Conditions of Community Supervision on Ms. Lomax was "below a reasonable standard of care in carrying out the assigned functions of their job duties and responsibilities in the Adult Probate department." *Id.*

Defendants moved to dismiss under Rule 12(b)(6), arguing that (1) Plaintiff failed to articulate any legally cognizable duty that Defendants allegedly breached and (2) any duty Plaintiff claimed Defendants breached pertained to a woman, Willie Mae Lomax, who is a not a party to this lawsuit. Docket No. 7. Plaintiff did not timely respond to the motion to dismiss, prompting the Court to enter an order on September 5, 2019, requiring Plaintiff to file a response by September 19, 2019. Docket No. 8. Plaintiff responded on September 19.

Defendants filed a reply, and Plaintiff filed a surreply. In her surreply, Plaintiff also included a "Motion to Deny Defendants' Motion to Dismiss and Their Motion to Amend the Prayer for [Relief] for Damages." Docket No. 13. Before the Court ruled on Defendants' motion, Plaintiff sought leave to amend her complaint for a third time, seeking to proceed only in her personal capacity. Docket No. 14. The proposed amendment only requests relief pertaining to Plaintiff's claims against Defendants based on an alleged breach of duty and sub-standard care provided to Ms. Lomax (*i.e.,* mental anguish damages). *Id.* at 2.

Defendants argue Plaintiff's proposed amendment would be futile because the proposed amendment does not remedy the fact that the alleged duties owed by Defendants were to Ms. Lomax, not Plaintiff. Docket No. 16 at 2. Additionally, Defendants argue Plaintiff still fails to allege how

Defendants breached any cognizable duty owed to Plaintiff, individually.

Plaintiff Morgan filed a "Third Motion to Amend Petition for Prayer Relief and Notice of Defendants' Untimely Response to the Court's Order and Discovery Responses." Docket No. 19. As pointed out in Defendants' response, Plaintiff's motion contains no arguments or legal authorities that would support the motion to amend petition. Docket No. 20 at 1. To the extent Plaintiff's motion contains discovery requests under the Texas Rules of Civil Procedure, Defendants point out the Federal Rules of Civil Procedure govern this matter. *Id.* at 2.

## II.     Report and Recommendation

The Magistrate Judge recommended Defendant's motion to dismiss be granted. The Magistrate Judge first noted that, although labeled a breach of duty claim for failure to monitor, Plaintiff appears to plead a negligence claim. Docket No. 21 at 13. As Defendants noted, Plaintiff alleges "Defendants [sic] had an affirmative duty to act and their failure to enforce the 'Court Order Imposing Conditions of Community supervision' on Ms. Lomax was below a reasonable standard of care in carrying out the assigned functions of their job duties and responsibilities in the Adult Probate department." *Id*. (quoting Docket No. 7 at 3; Docket No. 5 at 12). Viewing the allegations in the light most favorable to Plaintiff, the Magistrate Judge summarized Plaintiff's allegations as follows.

Plaintiff allege Defendants had a duty to Ms. Lomax, a duty to the court system and a duty to warn the public based on the alleged special relationship between Defendants and Ms. Lomax created by Ms. Lomax's five-year court ordered community supervision. Docket No. 21 at 16–17. Plaintiff alleges Defendants failed to supervise Ms. Lomax responsibly, allowing Ms. Lomax to illegally drive a 2002 GMC Yukon—an asset to Ms. Lee-Carper's Estates–in violation of a court-

imposed condition. *Id*. at 17. Ms. Lomax was involved in a three-car accident on May 24, 2018, over a year after her term of supervision ended, which resulted in the 2002 GMC Yukon being a total loss.

The Magistrate Judge noted the question is whether Defendants had a duty to Plaintiff or the public at large based on its supervision of Ms. Lomax. *Id.* The Magistrate Judge acknowledged a special relationship may sometimes give rise to a duty to aid or protect others. *Id*. at 17–20 (discussing cases). The Magistrate Judge further noted Plaintiff does not address Defendants' control, or lack thereof, over Ms. Lomax or how such control created a special relationship that imposes a duty to control Ms. Lomax's conduct. *Id.* at 20.

The Magistrate Judge acknowledged Plaintiff cites Texas Government Code § 76.002, which provides that officers and other employees of the community supervision and correction department shall enforce the conditions of community supervision. *Id.* After discussing the limited circumstances in which such a special relationship would arise, the Magistrate Judge concluded as follows:

> The Court, having weighed the applicable considerations and having further considered the community supervision and corrections department at issue and its powers and characteristics as created by state law, has "little difficulty concluding that the Texas Supreme Court would not impose a tort duty" of the type Plaintiff[] here advocate[s]. *See Martinez v. Walgreen Co.*, 935 F.3d 396, 402 (5th Cir. 2019) (holding that under Texas law pharmacy operator did not owe duty of care to third parties who alleged the pharmacy negligently gave customer mediation prescribed for another patient, which caused him to drive erratically and led to multiple accidents).

*Id.* at 23–24. Because Plaintiff has not alleged the existence of some "right of control" over Ms. Lomax or any other "special relationship" recognized under Texas law, the Magistrate Judge found Defendants did not owe Plaintiff a duty of care. *Id.* at 24. The Magistrate Judge further concluded

Defendants did not owe a duty to warn the public at large, noting the alleged harm (the car accident in May 2018) occurred over one year after Ms. Lomax's term of supervision ended in May 2017. *Id.*

The Magistrate Judge then noted that even when a special relationship exists, courts will not impose a duty unless the risk of harm is foreseeable, because a person has " 'neither a legal nor [a] moral obligation to guard against that which cannot be foreseen.' " *Id.* (quoting *Dyess v. Harris*, 321 S.W.3d 9, 14 (Tex. App. – Houston [1st Dist.] 2009)). In addition to the issues regarding duty and harm, the Magistrate Judge could not conclude that the risk of harm (injury) to others was foreseeable. Docket No. 21 at 25.

Because Plaintiff's complaint lacks elements that are necessary for relief, the Magistrate Judge concluded dismissal is appropriate. Further noting that Plaintiff sought leave to amend, the Magistrate Judge held Plaintiff's proposed Third Amended Complaint does not state a colorable claim; thus, amendment would be futile. Docket No. 21 at 25. Therefore, the Magistrate Judge recommends Defendants' motion to dismiss be granted without leave to amend.

### III.    Plaintiff's objections

Plaintiff objected to the Report and Recommendation, asserting she is a "whistleblower, and the very next of kin to Willie Mae Lomax, who was subjected to mental anguish as a result of the unhealthy three year experiences." Docket No. 23 at 1. Plaintiff argues Defendants owed a duty and standard of care to Plaintiff and to Ms. Lomax "to enforce the laws and the Court Order Imposing Conditions of Community Supervision." *Id.* Plaintiff further asserts, as she did before the Magistrate Judge, Defendants owed a duty to the court and failed to inform the judge of the laws violated by Ms. Lomax. *Id.* at 4–5.

Plaintiff states Ms. Lomax was injured during the car accident and suffers physically (back and lower extremity pain) and mentally. *Id*. at 9. To Plaintiff, the "2002 GMC Yukon was a complete total in damages." *Id.* Plaintiff states "she was subjected to mental stress attempting to communicate with the Defendants regarding their continued refusal to act - provide a simple standard of care to Willie Mae Lomax so that she would respect the public and herself - a fear that she would lose her eldest sister to death in a car accident and cause harm and sad emotions to a family while driving the illegal vehicle as expressed to the Defendants numerous of times." *Id*. at 10. Plaintiff also cites to case law that parents, siblings and children may recover as bystanders. *Id.* at 10–11.

After Defendants responded to Morgan's objections, she replied. Docket No. 25. She reasserted that she provided "supporting evidence" that Defendants breached a "legally cognizable duty." *Id.* at 1. She again claimed Defendants owed a duty to enforce the laws, citing various provisions and pointing to evidence that allegedly showed that Defendants violated this duty. *Id.* at 1–5. Morgan further asserts, as she did in her opening objections, Defendants owed a duty to the court and failed to inform the judge of the laws violated by Ms. Lomax. *Id.* at 6.

## IV. Discussion

As the Magistrate Judge noted, Defendants do not argue the state law negligence claim should be dismissed under sovereign immunity or for failing to meet the Texas Tort Claims Act's tangible property requirement. *See* Docket No. 21 at 13–14. Rather, Defendants argue Plaintiff fails to show how they would owe Plaintiff a duty under the facts alleged. *Id.* at 14. The Magistrate Judge found Plaintiff failed to allege a legally cognizable duty. The Magistrate Judge also found the risk

of harm to others was not foreseeable.[2]

In Texas, to prove a claim of negligence, a "plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 618 (W.D. Tex. 2017) (quoting *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001)). Whether a legal duty exists is a threshold question; without duty, there is no liability. *Hernandez*, 274 F. Supp. 3d at 618 (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)). "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Hernandez*, 274 F. Supp. 3d at 618 (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). As a general matter, however, there is no duty to control the conduct of third persons. *Id.*

It is well-settled that "[p]ro se complaints 'however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.' " *Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 100 n. 10 (5th Cir.1994) (citing *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (internal quotations and citation omitted)). Notwithstanding this general relaxing of the pleading standards for *pro se* plaintiffs, the Court has reviewed the recommendations of the Magistrate Judge and is of the opinion that the findings and conclusions of the Magistrate Judge are correct. As held by the Magistrate Judge, Plaintiff has not alleged a legally cognizable duty. Additionally, the Court finds, as did the Magistrate Judge, that the alleged risk of harm (injury) to others was not foreseeable.

Plaintiff seeks leave to amend to drop the estate of Theressa Lee-Carper as Plaintiff. In her separate motion, Plaintiff notified the Court that on September 11, 2019, "the District Court ordered

---

[2] In their response to Plaintiff's objections, Defendants point out Plaintiff does not object to the Magistrate Judge's finding regarding foreseeability but instead argues, outside the page limit, "that mental anguish is a proper element of damages in a Texas personal injury lawsuit." Docket No. 24 at 2.

[judgment] against Willie Mae Lomax for damages to the 2002 GMC Yukon and for court fees, and denied motion for attorney fees that were included in Plaintiff's motion in their Original and First Motion to Amend Prayer for Relief." Docket No. 14 at 1. Thus, Plaintiff Morgan no longer seeks that requested relief, leaving only the request for mental anguish damages to Plaintiff Morgan.

The Fifth Circuit has explained that an amended complaint is futile if it fails to state a claim upon which relief may be granted. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014). The Court agrees with the Magistrate Judge that amendment would be futile here. Plaintiff's proposed Third Amended Complaint does not allege sufficient facts showing Defendants owed Plaintiff Morgan a duty. As further noted by the Magistrate Judge, the proposed amendment also reveals Plaintiff Morgan has failed to allege she suffered any serious physical injuries. Docket No. 21 at 25 ("Texas law requires that a plaintiff show some physical injury in order to bring an ordinary negligence claim.") (citations omitted)).

Therefore, the Court hereby adopts the January 27, 2020 Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Docket No. 7) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 24th day of February, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE